### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY EDWARD HOLZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-115-SLP |
| ) | |
| MELISSA GODBOLD, et al., ) | |
| ) | |
| Defendants. ) | |

### **O R D E R**

On April 28, 2025, the Court entered an Order [Doc. No. 8] directing Plaintiff to show cause no later than May 12, 2025, why this action should not be dismissed without prejudice for failure to effect timely service of process pursuant to Fed. R. Civ. P. 4(m).[1] As of this date, Plaintiff has not responded to the show cause order, nor has he requested an extension of time within which to do so. Accordingly, this action is subject to dismissal without prejudice for failure to effect timely service of process, and for failure to comply with the Federal Rules of Civil Procedure and this Court's Order. *See* Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe Cty. Justice Ctr*., 492 F.3d 1158, 1161 n. 2 (10th Cir. 2007) (sua sponte dismissal permitted where a plaintiff fails to comply with the rules of civil procedure or the court's orders).

Because Plaintiff has failed to respond to the Court's Order to Show Cause, he has failed to demonstrate good cause exists for granting a mandatory extension of the 90-day

---

[1] Plaintiff filed his Complaint [Doc. No. 1] on January 24, 2025. Therefore, his 90-day period to effect service expired on April 24, 2025. Fed. R. Civ. P. 4(m).

time period set forth in Rule 4(m) within which to serve Defendant. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Court must further consider whether a permissive extension of time is warranted. *See id.; see also Murphy v. City of Tulsa*, 556 F. App'x 664, 666-69 (10th Cir. 2014). Factors for the Court to consider include whether the statute of limitations would bar the plaintiff from refiling the action, whether the plaintiff has unsuccessfully attempted to serve the United States, and whether the delay in service relates to the plaintiff's pro se status or confusion or delay in obtaining permission to proceed in forma pauperis. *See Espinoza*, 52 F.3d at 842 & n. 8.

Here, none of these factors are availing. Although the specific claims Plaintiff intends to assert remain unclear,[2] the events giving rise to the complaint occurred less than a year ago, on July 1, 2024. [Doc. No. 1] at 1. Thus, it appears that none of the claims alleged would be time-barred upon re-filing. Even if one or more of Plaintiff's claims were time-barred, that factor alone is not dispositive. *See Gumm v. Fed. Bureau of Prisons*, No. CIV-06-866-R, 2007 WL 3312785, at *3 (W.D. Okla. Nov. 6, 2007) ("[T]he mere fact that the applicable limitations period has run does not make dismissal inappropriate."); *Valdez v. Chuwanti*, No. 122CV00003KWRJHR, 2022 WL 17093445, at *3 (D.N.M. Nov. 21, 2022) ("[T]he mere possibility of a statute of limitations bar does not establish good cause for failure to timely serve and does not preclude the Court from exercising its discretion to dismiss a case."); *Despain*, 13 F.3d at 1439 ("The fact that the statute of limitations has

---

[2] Plaintiff's Complaint generally asserts four causes of action: (1) "violation of the libel statutes"; (2) "violation of the Oklahoma tort statutes"; (3) "violation of the Fifth Amendment" of the United States Constitution; and (4) violation of the Eighth Amendment" of the United States Constitution. *See* [Doc. No. 1] at 2.

2

run, however, does not demonstrate good cause and does not make dismissal under Rule 4(j) inappropriate.").

The other *Espinoza* factors similarly do not weigh in favor of a permissive extension. The United States is not a defendant, and Plaintiff's Complaint specifically designates he is suing the two individual defendants in an "individual capacity action." [Doc. No. 1] at 1. Further, the record contains no information which would suggest Plaintiff's delay in effecting service relates to his pro se status or the fact that he is proceeding in forma pauperis. The Order on Plaintiff's Motion to Proceed in Forma Pauperis specifically explained the United States Marshall Service would serve process "[u]pon request of Plaintiff, and if Plaintiff provides service copies of the Complaint for each Defendant." [Doc. No. 7]. Nothing in the record suggests Plaintiff requested service, or that he provided a service copy of the Complaint.

IT IS THEREFORE ORDERED that this action is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to effect timely service pursuant to Fed. R. Civ. P. 4(m) and pursuant to Rule 41(b) for Plaintiff's failure to respond to the Court's Order to Show Cause [Doc. No. 8]. A separate judgment of dismissal shall be entered contemporaneously with the filing of this Order.

IT IS SO ORDERED this 14th day of May, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE